UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ROSAS,<br><br>   Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>   Respondent. | No. 2:23-cv-0617 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Petitioner, a federal prisoner, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee.

I. Background

  Petitioner is an inmate currently housed at the Federal Correctional Institution-Herlong (FCI-Herlong).  ECF No. 1.  He currently has a projected release date of June 15, 2026.  Id. at 2.  The petition does not identify the court where petitioner was convicted and sentenced or the offense for which he is currently incarcerated.

II. Petition

  Petitioner asserts that he has earned the 365 days of time credits under the First Step Act (FSA) and is eligible to have these credits applied toward early release.  ECF No. 1 at 2.  However, the Bureau of Prisons (BOP) has yet to apply those credits.  Id.  Petitioner argues that the FSA precludes inmates subject to a final order of deportation from having time credits

1

applied, and he is not subject to a final order of deportation. Id. He further asserts that the BOP has updated their program statement to remove the requirement that inmates have no detainers or unresolved immigration status issues in order to have FSA time credits applied to their sentence. Id. He requests that the court order the Bureau of Prisons (BOP) to apply petitioner's earned credits and re-calculate his release date to reflect those credits. Id. at 3.

### III.     First Step Act

The First Step Act of 2018[1] (FSA) was created and implemented by Congress to further criminal justice reform and was enacted on December 21, 2018. Under the FSA, the Attorney General, in consultation with the Federal Bureau of Prisons and other federal entities, was tasked, in relevant part, to review existing prison risk and needs assessment systems and to develop recommendations regarding evidence-based recidivism reduction (EBRR) programs and productive activities (PAs) that were the most effective at reducing recidivism. See 18 U.S.C. § 3631(a)-(b). The assessment system developed was also tasked with determining when to provide incentives and rewards for successful participation in EBRR programs and PAs, as well as with determining when to transfer prisoners into prerelease custody or supervised release. See 18 U.S.C. § 3632(a)(6)-(7).

Under the FSA, when a prisoner successfully completes an EBRR program or a PA, he earns 10 days for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). In addition, if the BOP has determined a prisoner is at a "minimum" or "low" risk of recidivating, and he has not increased his risk of recidivism over two consecutive assessments,[2] he will earn an additional 5 days of time credit for every 30 days he has participated in EBRR programming or PAs. 18 U.S.C. § 3632(d)(4)(A)(ii). Time credit cannot be earned for an EBRR program that a prisoner successfully completed before the enactment of the FSA or during official detention prior to the date a prisoner's sentence began. 18 U.S.C. § 3632(d)(4)(B). The time credit awarded for EBRR programming and PAs is to be applied only to prerelease custody or

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).
[2] Risk assessments and level adjustments for prisoners participating in EBRR programming and PAs are to occur no less often than annually. 18 U.S.C. § 3632(d)(5).

1  supervised release.  18 U.S.C. § 3632(d)(4)(C).  Eligibility for application of earned time credits includes having earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).

IV.   Discussion

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

A.   Standing and Ripeness

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'"  Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  "Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."  Monsato Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted).  "[I]f in the course of litigation a court finds that it can no longer provide . . . any effectual relief, the case generally is moot."  Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021).

Petitioner's claim challenging the failure to apply his accrued FSA time credits to his sentence is not ripe for review.  Petitioner has a projected release date of June 15, 2026.  That date is three years into the future.  Petitioner claims he is entitled to 365 days of FSA time credits, while his attached FSA time credit assessment shows that he has accrued 370 days of FSA time credits toward prerelease custody and 365 days toward release.  ECF No. 1 at 1, 5.  Assuming that petitioner is entitled to a total of 735 days of credits between his prerelease custody and release, his accrued credits are not equal to the remainder of his prison term.  He is therefore not eligible to apply FSA time credits at this time, and the claim is unripe.  See 18 U.S.C. § 3624(g)(1)(A)

3

(prisoner eligible to apply credits when they are equal to remainder of term of imprisonment).

### B. Conclusion

Petitioner is not yet eligible to have his FSA time credits applied to his sentence because the amount of credits he has earned are less than the time he has left on his prison term by about one year. For this reason, the claim is not ripe and should be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE